UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: James S. Duffy            :      Case No. 1:13-bk-00602-MDF
                                          :

## **DEBTOR'S VERIFIED EMERGENCY MOTION TO RE-IMPOSE STAY**

NOW COMES, Debtor, James S. Duffy ("Debtor") who, for good cause, moves upon this Court with his verified emergency motion to re-impose the automatic stay that was lifted by Court Order, on or about May 21, 2013. In support, Debtor states as follows:

### BACKGROUND

1. Unknown to debtor at the time, on or about May 1, 2013 counsel for John Lott, Sheila Gantz and Bear Mountain Realty (collectively, "Lott") filed a motion seeking to lift the automatic stay.

2. On or about May 16, 2013, Debtor appeared for a previously scheduled creditor's meeting.

3. Debtor was informed that the creditor's meeting had been re-scheduled until July 11, 2013.

4. Debtor told the Court's clerk that he had not received any notice about the hearing being re-scheduled.

5. The clerk then told Debtor that notice had been sent and that the notice/mailing had come back to the clerk's office marked "moved".

6. Debtor informed the clerk that he had not moved, and that he has had previous trouble receiving his mail[1].

---

[1] Debtor had previously lodged a complaint with the Postmaster concerning tampering with mail.

7. Debtor then inquired if anything else was currently pending in the court. The clerk replied that there was a hearing scheduled for May 29, 2013 concerning lifting the automatic stay.

8. Thereafter, Debtor was preparing opposition for the May 29th hearing, when on or about May 23, 2013, Debtor was informed by Lott's counsel, in passing, that the automatic stay had been lifted.

9. On May 24, 2013, Debtor obtained documents from the clerk's office.

10. On May 28, 2013, Debtor contacted the Postmaster to complain about not receiving mail, and as to why/how at least one piece of mail [that debtor is aware of] was marked as "moved".

11. Surprised, the Postmaster did not know without seeing the envelope.

## EMERGENCY MOTION TO RE-IMPOSE STAY

12. Debtor hereby incorporates paragraphs 1-11 as if each is set forth at length herein.

13. Rule 4001-1, entitled Automatic Stay –Relief from states in pertinent part that:

    (a) Order Establishing Response and Hearing Dates. When a motion for relief from the automatic stay is filed, the clerk will provide to movant an order setting an answer date and hearing date. Unless service is made electronically through the ECF system, <u>the movant **must serve** the order upon the persons specified</u> under F.R.B.P. 4001 and L.B.R. 4001-6… (emphasis added)

14. Debtor was never served with Lott's motion to lift the automatic stay.[2]

15. Moreover, pursuant to Rule 4001-1(f) entitled, Concurrence in Motion, it states:

    <u>The movant **must** seek concurrence of the debtor and of the trustee, if one has been appointed in the case. The movant must file a certificate with the motion for relief stating whether concurrence was obtained. If the certificate of concurrence/nonconcurrence is not filed with the motion for relief, the court may deny the motion *sua sponte*.</u> (emphasis added)

---

[2] It appears that a certificate of service was filed, indicating <u>only</u> the Debtor, Trustee and Asst. U.S. Trustee were noticed. Debtor never received any notice and believes that his mail is still being tampered with. (see fn 1)

16. Though a certificate of concurrence/nonconcurrence appears on the docket, Debtor never received any communication, oral, written or otherwise, seeking concurrence/non-concurrence prior to counsel filing a motion to lift the stay[3].

17. Had Debtor actually received Lott's motion to lift the automatic stay, or even a phone call from their counsel that such a motion was about to be filed, Debtor surely would have timely objected.

18. Additionally, a proof of claim (creditor: 4314159) has been filed on behalf of the USDA Farm Service Agency, ("USDA") who holds a secured lien on Debtor's property, including, but not limited to crops[4].

19. The USDA is debtor's largest creditor and obviously holds via a secured lien, an equitable interest in the property.

20. Pursuant to Rule, in addition to service upon Debtor, Trustee and/or U.S. Trustee, Lott's counsel was required to provide service of their motion upon the 20 largest creditors and parties in interest.

21. As indicated in Lott's certificate of service, no attempt was made to provide service of their motion upon the USDA. (see also ¶ 12, and fns 1-2 above)

22. Debtor files this emergency motion, seeking expedited relief, in order to protect Debtor and the estate against imminent repossession and/or execution, (or other state law collection remedy), that if not now enjoined, would irreparably divest both debtor and the estate, as well as the USDA as a secured party, of their respective equitable interests.

---

[3] Debtor is unaware of whether either the Trustee or U.S. Trustee were contacted prior to filing the motion.
[4] The "property" is an orchard "crop", fully secured by USDA lien that in addition hereto, serves as the basis of debtor's claim of holding a significant equitable interest in property.

23. Debtor holds a significant equitable interest in the property that is essential to re-organization.

24. Debtor fully intends to file an adversary complaint regarding, *inter alia*, Debtor's equitable interests in the disputed property.

25. Pursuant to Rule, Debtor's automatic stay expires as of June 5, 2013.

26. Debtor respectfully requests that this Court enter an order to re-impose the automatic stay, prior to its expiration.

27. Debtor has in addition to this motion, filed for an expedited hearing on this matter, requesting to be heard on or before June 4, 2013, should this Court choose, absent a hearing, not to re-impose the automatic stay prior to.

28. Prior to filing this verified emergency motion to re-impose the automatic stay, and motion for expedited hearing thereon, Debtor sought the concurrence/nonconcurrence of all relevant parties, the certification of which is attached to this document.

WHEREFORE, in consideration of the foregoing, Debtor respectfully requests that this Court re-impose the automatic stay prior to its expiration as of June 5, 2013; or, in the alternative, that, as separately provided for by motion, an expedited hearing be held on or before June 4, 2013.

Respectfully Submitted,

*James Duffy*
James S. Duffy
493 Quaker Valley Road
Biglerville, Pa. 17307
(717) 968-9708

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: James S. Duffy  :  Case No. 1:13-bk-00602-MDF
                       :

CERTIFICATE OF CONCURRNCE/NONCONCURRENCE

I, James S. Duffy, debtor in the above-captioned matter, do hereby certify this 28th day of May, 2013, that concurrence/nonconcurrence on Debtor's Verified Emergency Motion to Re-Impose the Automatic Stay was sought from the parties listed below, the results of which are:

Office of Trustee Charles DeHart III (717) 566-6097
Trustee DeHart was not available. Spoke with Asst. Jim Jones, who after explaining the basis of Debtor's Motion(s) - **Concurred**     (approx. 1:00 pm)

Office of the U.S. Trustee (717) 221-4515
Spoke to "Wendy" who after explaining the basis of Debtor's Motion(s), stated the [office] usually doesn't get involved in chapter 13 cases, stating further, [they] would do nothing to stand in the way. – **Concurred** (approx. 1:05 pm)

Edward Puhl, Esquire (Atty. For Lott, et. al.) (717) 334-2159
Spoke with Sherry, who before being able to explain the basis of Debtor's motion(s) abruptly said they do not concur and hung up. **Nonconcurrence** (approx. 1:09 pm)

Thomas Puleo, Esquire (Atty. For USDA) (215) 627-1322
Called 1:10 pm – left message; Called at approx. 2:00 pm, 3:00 pm.
At approx 4:00 pm, spoke at length with Diana Modom (Mr. Puleo was not available)
         **Concurred** (approx. 4:50 pm)

*/s/ James S. Duffy*
James S. Duffy
493 Quaker Valley Road
Biglerville, Pa. 17307
(717) 968-9708

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: James S. Duffy  :  Case No. 1:13-bk-00602-MDF

## DECLARATION

I, James S. Duffy, debtor in the above-captioned matter, do hereby declare under penalty of perjury that the foregoing statements in Debtor's Verified Emergency Motion to Re-Impose the Automatic Stay are true and correct to the best of my knowledge, information and belief.

Date: May 28, 2013

*James S. Duffy* (signature)
James S. Duffy
493 Quaker Valley Road
Biglerville, Pa. 17307
(717) 968-9708

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: James S. Duffy : Case No. 1:13-bk-00602-MDF
:
:

CERTIFICATE OF SERVICE

I, James S. Duffy, do hereby certify this 29th day of May 2013, that I caused to be served a true and correct copy of my Verified Emergency Motion to Re-Impose the Automatic Stay, by first class, U.S. Mail, postage prepaid, upon the parties listed below:

Edward G. Puhl, Esquire
Puhl, Eastman & Thrasher
220 Baltimore Street
Gettysburg, Pa. 17325
(atty. For Movants)

Thomas I. Puleo, Esquire
KML Law Group, P.C.
Suite 5000, BNY Independence Center
701 Market Street
Philadelphia, Pa. 19106
(atty. For USDA)

Trustee Charles J. DeHart III
8125 Adams Drive Suite A
Hummelstown, Pa. 17036

Office of U.S. Trustee
228 Walnut Street, Suite 1190
Harrisburg, Pa. 17101

*James Duffy* (signature)
James S. Duffy
493 Quaker Valley Road
Biglerville, Pa. 17307
(717) 968-9708